**Derrick BOATMAN, Petitioner–Appellant,**

v.

**Jerry L. STERNES, Respondent–Appellee.**

No. 03–2821.

United States Court of Appeals, Seventh Circuit.

Submitted March 25, 2004.*

Decided June 25, 2004.

Derrick Boatman, Dixon, IL, pro se.

Mary Beth Burns, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before POSNER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

Derrick Boatman was convicted of first-degree murder in a bench trial and sentenced to a term of 45 years' imprisonment. The Illinois state courts affirmed Boatman's conviction and sentence on direct appeal and collateral attack. Boatman then filed a petition for habeas corpus in federal court under 28 U.S.C. § 2254, alleging among other things that he was denied the effective assistance of counsel when his trial counsel "coerced" him into waiving his right to a jury trial one hour before trial. According to Boatman, counsel "promised" him that if the choose to proceed with a bench trial the judge would either "acquit" him or, at the most, convict him of a lesser charge. Based on this promise, Boatman alleged, he signed a jury waiver and told the judge that he wanted a bench trial. The district judge did not address the merits of this claim, however, because she concluded that Boatman had defaulted it by failing to raise it on collateral review in his appeal to the Appellate Court of Illinois. Despite this conclusion, the district court granted Boatman's application for a certificate of appealability to consider whether his counsel was ineffective for allegedly coercing him into waiving his right to a jury trial.

In his appellate brief, Boatman makes no mention of the issue of procedural default. The record clearly shows that he did not raise his ineffective-assistance

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

claim in his brief to the Appellate Court of Illinois, and federal courts will not address the merits of a habeas corpus claim unless the petitioner presented it in "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see United States ex rel. Bell v. Pierson,* 267 F.3d 544, 555 (7th Cir.2001). Because Boatman did not raise his claim in a complete round of appeals, he has defaulted it.

Accordingly, the judgment of the district court is AFFIRMED.